United States District Court
Middle District of Florida
Jacksonville Division

**THERON RASMUS,**

    *Plaintiff,*

**v.**                                                        **NO. 3:26-cv-1466-WWB-PDB**

**STATE OF FLORIDA ETC.,**

    *Defendants.*

---

# Order

The plaintiff, applying to proceed without prepaying fees or costs, Doc. 2, returns to this court, this time for a writ of habeas corpus on behalf of his minor child, who he alleges is "being unlawfully restrained by the State of Florida through fabricated proceedings, nonexistent orders, and a complete breakdown of state judicial machinery."* Doc. 1 at 1.

## 1.

"An action must be prosecuted in the name of the real party in interest." Fed. R. Civ. P. 17(a)(1). A "general guardian," "committee," "conservator," or "like fiduciary" may sue on behalf of a minor. Fed. R. Civ. P. 17(c)(1).

---

*The plaintiff has filed other cases in this court relating to the custody of his child. *See* Case Nos. 3:25-cv-239-WWB-PDB; 3:25-cv-242-WWB-PDB; 3:25-cv-1148-WWB-LLL; 3:25-cv-1149-WWB-LLL; 3:25-cv-1562-WWB-SJH; 3:25-cv-1563-JEP-SJH; 3:26-cv-462-JEP-LLL. All of the cases, except the latter case, have been dismissed without prejudice for failure to comply with an order or failure to prosecute the case.

A person may litigate his own case personally, 28 U.S.C. § 1654, but cannot litigate another person's case unless admitted to practice law, *FuQua v. Massey*, 615 F. App'x 611, 612 (11th Cir. 2015). This restriction prevents a parent without a lawyer from suing on behalf of his child. *Devine v. Indian River Cnty. Sch. Bd.*, 121 F.3d 576, 581 (11th Cir. 1997), *abrogated in part on other grounds by Winkelman ex rel. Winkelman v. Parma City Sch. Dist.*, 550 U.S. 516, 522, 527 (2007); *Dingler v. Georgia*, 725 F. App'x 923, 926 (11th Cir. 2018). The rule "helps to ensure that children … are not deprived of their day in court by unskilled, if caring, parents." *Devine,* 121 F.3d at 582.

The plaintiff fails to provide information sufficient to determine whether he is a general guardian capable of suing on behalf of his minor child. Moreover, without a lawyer, he cannot represent his minor child or anyone else except himself. By **July 31, 2026**, (1) he must provide the basis for his ability to sue on behalf of his minor child, and (2) an attorney must appear to represent his minor child.

**2.**

"The federal judiciary has traditionally abstained from deciding cases concerning domestic relations." *Ingram v. Hayes*, 866 F.2d 368, 369 (11th Cir. 1988). Under the domestic-relations exception, a federal district court may not "issue divorce, alimony, and child custody decrees." *Ankenbrandt v. Richards*, 504 U.S. 689, 703 (1992). This exception applies "when hearing the claim would require the court to delve into the parties' domestic affairs." *Rash v. Rash*, 173 F.3d 1376, 1380 (11th Cir. 1999).

The plaintiff demands that this court return his minor child to him. Doc. 1 at 21. In determining how to proceed, the plaintiff must consider that the court lacks authority to interfere with domestic affairs.

**3.**

"Under what has become known as the *Rooker-Feldman* doctrine, federal district courts lack jurisdiction over cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments." *T. M. v. Univ. of Maryland Med. Sys. Corp.*, No. 25-197, 2026 WL 1751823, at *3 (U.S. June 18, 2026) (internal quotation marks and quoted authority omitted).

To the extent that the plaintiff asks this court to review any state-court judgment in an appellate-like capacity, in determining how to proceed, he must consider that the court lacks jurisdiction to undertake that review.

**4.**

The plaintiff references Keystone Heights, Florida, beneath his signature, *see* Doc. 1 at 9; Doc. 1-1 at 10, but fails to provide his address in any paper he has filed in this case. *See* Docs. 1, 2, 3, 6. The return address on the envelope used to mail the complaint (255 S. Lawrence Blvd., Keystone Heights, Florida 32656, *see* Doc. 1-1 at 31) appears to be for a UPS shipping location.

In another case, in an amended complaint filed approximately three weeks before this case, the plaintiff provided his address as 6775 Springlake Village Road, Keystone Heights, Florida 32656. *See* Doc. 8 at 9 in *Rasmus v. Kuntz*, No. 3:26-cv-462-JEP-LLL.

The court **directs** the clerk to mail this order to the plaintiff's address provided in the other case: 6775 Springlake Village Road, Keystone Heights, Florida 32656. By **July 31, 2026**, the plaintiff must notify the court of his mailing address.

**5.**

To receive electronic notification of future filings in this case, a litigant may submit a Consent to Receive Notices of Electronic Filings (NEFs) form, available on the court's website, https://apps.flmd.uscourts.gov/proseNEF/. By submitting the consent form, a litigant waives his right to receive service of documents by first-class mail and instead consents to the court and opposing counsel using an email address to send electronic notification of orders, notices, and other non-sealed documents that are filed in the case. An NEF email will contain a hyperlink that allows the litigant to view the filing for the first time at no charge. The hyperlink expires after the earlier of two events: the first use or 15 days after the notice is emailed. After the hyperlink expires, the litigant may view the filing by accessing PACER (which may require a fee) or using a public-access terminal in the clerk's office.

**6.**

The court's website (www.flmd.uscourts.gov) offers resources for unrepresented litigants, including a *Guide for Proceeding Without a Lawyer*. A copy of the guide is also available at the clerk's office. In addition, the Jacksonville Federal Court Bar Association operates a Legal Information Program through which unrepresented litigants may meet with a lawyer for free to ask general questions about procedures governing cases in federal court. Virtual, telephonic, and in-person appointments are available every Tuesday.

To request an appointment, a litigant may contact the clerk's office at (904) 549-1900 or visit the clerk's office check-in window. A brochure with more information about the program is available on the court's website (www.flmd.uscourts.gov/legal-information-program).

**Ordered** in Jacksonville, Florida, on June 29, 2026.

Patricia D. Barksdale
United States Magistrate Judge

c:    Theron Rasmus
6775 Springlake Village Road
Keystone Heights, Florida 32656